IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  06-cv-00281-LTB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7 FIREARMS,

    Defendant.
_____

ORDER
_____

    The United States of America ("Government") seeks by this action civil forfeiture of seven firearms owned by Darrell Fortner on the grounds that Mr. Fortner is a convicted felon and was once committed to a state mental hospital and is thus illegally in possession of the weapons.  The Government seized the firearms on October 18, 2005 and filed its verified complaint on February 17, 2006.  Philip Ludwig, Mr. Fortner's brother in law, moves for dismissal, pointing out that the 121-day period between the seizure and the filing exceeded the time allowed in 18 U.S.C. § 924(d)(1).

    The Government asserts that Mr. Ludwig has no standing because he has filed no claim over the property.  18 U.S.C. § 983(a)(4)(A) provides that:

> any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Additionally, "A person asserting an interest in seized property, in accordance with subparagraph

(A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B). *See also*, Fed. R. Civ. P., Supp. R. C(6).

The Government asserts that it sent Mr. Ludwig notice of these proceedings on June 16, 2006 and that he has since failed to satisfy the requirements of Section 983(a)(4). Consistent with those representations, a certificate of service filed here on June 16, 2006 avers that notice of this action was mailed certified, return receipt requested, to four individuals, including Mr. Ludwig. No person has filed a claim, a verified statement of interest, or an answer.

Mr. Ludwig produces a copy of a claim that he filed in the prior administrative proceedings, but concedes that he has filed no claim here. It is apparently settled that a verified administrative claim does not satisfy the requirements of 18 U.S.C. § 983(a) and Supplemental Rule 6. *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 166 (1st Cir. 2004); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985); *United States v. $50,200 in U.S. Currency*, 76 F. Supp. 2d 1247, 1249 (D. Wyo. 1999). The conclusion that the facial similarity between an administrative claim and a verified statement does not negate the obligation to file the latter follows from the observation that "[f]iling a verified statement with the court notifies all other parties of each claim to the property so that all interests may properly be resolved." *$23,000 in U.S. Currency*, 356 F.3d at 166.

Accordingly, the motion [9, 12] is DENIED.

Dated: September  13 , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge